UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK FAGUNDES,<br><br>             Appellant,<br><br>    v.<br><br>JESBIR BRAR, et al.,<br><br>             Appellees. | No.  2:14-cv-00864-MCE<br><br><br>**ORDER** |

On August 21, 2013, Appellant Patrick Fagundes ("Appellant"), proceeding pro se, filed an adversary proceeding against Defendants JPMorgan Chase and Jesbir Brar ("Brar") in the U.S. Bankruptcy Court.  See ECF No. 1, Case No. 2:13-ap-2261.  On March 26, 2014, Appellant filed a Notice of Appeal with the Bankruptcy Court.  Brar elected to have the appeal heard by the U.S. District Court.  After an initial review revealed that the underlying action remained ongoing, pursuant to Local Rule 145 the Court partially remanded this matter to the Bankruptcy Court for a recommendation concerning the finality of the judgment(s), order(s) or decree(s) from which Appellant seeks relief.  See Order, June 25, 2014, ECF No. 8.

///

///

///

On July 22, 2014, the Bankruptcy Court recommended that leave to appeal not be granted with respect to Appellant's March 26, 2014 Notice of Appeal.  See ECF No. 9.[1] As explained below, the Court DECLINES to grant Appellant leave to file the instant interlocutory appeal from the bankruptcy court and directs the Clerk to CLOSE this case.

Under 28 U.S.C. § 158(a), "district courts . . . have jurisdiction to hear appeals . . . with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."  District courts "have discretionary jurisdiction over appeals from interlocutory orders of the bankruptcy court." Matter of Fondiller, 707 F.2d 441, 441 n.1. (9th Cir. 1983); see In re SK Foods, L.P., CIV. S-10-1492 LKK, 2010 WL 5136189 (E.D. Cal. Dec. 10, 2010).  However,

> [a]ppellants have no right to appeal an interlocutory order without leave to do so.  To determine whether to grant leave to file an interlocutory appeal from a bankruptcy court, the Court considers the following: (1) whether the order on appeal involves a "controlling question of law as to which there is a substantial ground for difference of opinion"; (2) whether an "immediate right to appeal will materially advance the ultimate termination of the litigation"; and (3) whether denying leave to appeal "will result in wasted litigation and expense."

Thissen v. Johnson, 406 B.R. 888, 892 (E.D. Cal. 2009) (citing In re Roderick Timber Co., 185 B.R. 601, 604 (9th Cir.BAP1995)).

Although Appellant filed a Notice of Appeal with the Bankruptcy Court, he failed to file a motion for leave to appeal.  However, under Federal Rule of Bankruptcy 8003(c), "[i]f a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court . . . may consider the notice of appeal as a motion for leave to appeal."  Thus, the Court considers whether to grant Appellant leave to file his interlocutory appeal.

///

---

[1] On July 22, 2014, the Bankruptcy Court also granted Brar's Motion to Dismiss, entered Judgment in favor of Appellees, and dismissed Appellant's adversary proceeding.

At the outset, the Court notes that Appellant failed to specify which order (or orders) from the Bankruptcy Court he is appealing. See ECF Nos. 8 at n.1, 9. However, as the Bankruptcy Court explained in its Recommendation Following Partial Remand, there are two possible orders entered by the Bankruptcy Court to which Appellant's March 26, 2014 Notice of Appeal may pertain -- its "February 20, 2014 order denying entry of a default against defendant Jesbir Brar" or its "April 1, 2014 order denying a motion to recuse the presiding bankruptcy judge." ECF No. 9 at 1. For the following reasons, regardless of which of these orders Appellant seeks review, the Court declines to grant Appellant leave to file the instant appeal.

First, with respect to the Bankruptcy Court's February 20, 2014, order denying entry of a default against Brar, Appellant's' appeal was untimely. Federal Rule of Bankruptcy Procedure 8002(a) requires that a notice of appeal be filed no more than 14 days after the entry of the order at issue. "The time for filing a notice of appeal with the bankruptcy court is a jurisdictional matter; the untimely filing of such a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order. Because of the jurisdictional implications of the rules regarding the time for filing notices of appeal, those rules must be strictly construed." Matter of Mullis, 79 B.R. 26, 27 (D. Nev. 1987) (internal citations omitted); see In re Mouradick, 13 F.3d 326, 327 (9th Cir. 1994). As the Bankruptcy Court explained, Appellant's appeal was filed thirty-four days after the entry of its February 20, 2014 order. See ECF No. 9. "The Court is without jurisdiction to entertain the appeal. It must be dismissed." Matter of Mullis, 79 B.R. at 27.[2]

Second, if Appellant was appealing the Bankruptcy Court's April 1, 2014, order denying a motion to recuse the presiding bankruptcy judge, the Court declines to grant

---

[2] In any event, even if Appellant's attempt at an appeal was not jurisdictionally barred, an interlocutory appeal would be inappropriate under the circumstances because: (1) Appellant does not identify a controlling question of law as to which there is a substantial ground for difference of opinion; (2) reviewing the challenged order now would not materially advance the ultimate termination of the litigation; and (3) denying leave to appeal will not result in wasted litigation and expense. See Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 886 (9th Cir. 2001); see, e.g., Thissen, 406 B.R. at 892.

1  Appellant leave to file an interlocutory appeal of that order.  Not only was Appellant's
2  appeal premature,[3] but it does not involve a controlling question of law as to which there
3  is a substantial ground for difference of opinion, reviewing that order at this time would
4  not materially advance the ultimate termination of the litigation, and denying leave to
5  appeal will not result in wasted litigation and expense.
6        Therefore, for the reasons set forth above, the Court DECLINES to grant
7  Appellant leave to file an interlocutory appeal.  The Clerk of the Court is directed to
8  CLOSE this case.
9        IT IS SO ORDERED.
10  Dated:  August 4, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] As the Bankruptcy Court notes, it is unlikely that Appellant seeks review of the Bankruptcy Court's order denying a motion to recuse the presiding bankruptcy judge because Appellant moved for recusal on March 26, 2014, the same day he filed his Notice of Appeal.  The Bankruptcy Court did not deny that request until April 1, 2014.  See ECF No. 9.